FILED
2011 May-19 AM 09:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JUNIOR A. WILBOURN, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 10-G-2894-NE |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

The plaintiff, Junior A. Wilbourn, brings this action seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Social Security Benefits. Junior A. Wilbourn filed an application for Social Security Benefits. Thereafter, plaintiff timely pursued and exhausted the administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that

end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.

The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that proper legal standards were applied in reaching that decision. In particular, the ALJ chose not to credit Dr. Gulati's opinion, who suggested the plaintiff might not be able to do long time standing jobs, because the examinations of Drs. Gulati, Ribis and Witt failed to show much abnormality. A review of the record shows that this finding was supported by substantial evidence. The treatment notes from Drs. Ribis and Witt contain little if any abnormal findings on physical examination and appear to be visits primarily to obtain refills of narcotic pain medication. The plaintiff consistently reported only moderate pain (5 out of 10) to his treating physicians, and there are large gaps in the treatment record, suggesting his pain was not severe. The last treatment note from Dr. Ribis is dated December 8, 2006.[1] The next treatment note, from Dr. Witt, is dated July 28, 2008. Following this treatment note, there is another gap in treatment until July 13, 2009, when

---

[1] The Development Summary Worksheet indicates that the SouthCare clinic, where both Dr. Ribis and Dr. Witt practiced, was called on January 11, 2008, and reported the plaintiff was last seen in December 2006. Record 200.

the plaintiff next saw Dr. Witt.[2]  The ALJ found the plaintiff's reports of work activity to his treating physicians raise credibility issues and the ALJ correctly noted Dr. Witt repeatedly recommended that the plaintiff keep active or exercise.  These findings are supported by the record.   Accordingly, the findings of the ALJ are supported by substantial evidence and the decision of the Commissioner must be affirmed.

      A separate order in conformity with this memorandum opinion will be entered.

      DONE and ORDERED 18 May 2011.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

---

[2]  Although there is a patient update and initial pain assessment form dated May 6, 2009, in the record, there are no treatment notes from that date.  Record 258-59, 264-66.